Daniel R. Shaffer
405 Ridges Blvd., Suite B
Grand Junction, CO 81507
Colorado Attorney Reg. No.: 35661
Phone: (970) 243-2552
Fax: (970) 243-3905
Email: lawyerdan@danielshafferlaw.com
Admitted *pro hac vice* (see 2:18-ph-99901 [Doc. 152])

Matthew Scott Martin
Gordon Melun Maton LLP
400 S. Colorado Blvd., Ste. 420
Glendale CO 80222
Colorado Attorney Reg. No.: 10595
Phone: 303-756-0800
Email: mmartin@gorlaw.com
Admitted *pro hac vice* (see 2:18-ph-99901 [Doc. 150])
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Estate of Daniel Allard,<br>Aanda Slocum personally and as personal representative of the Estate of Daniel Allard, deceased;<br>       Plaintiff,<br><br>v.<br><br>Corizon Health; Inc.;<br>Sarah Richardson, LPN in her individual capacity; and,<br>Deborah Kinder, in her individual capacity.<br><br>       Defendants. | Case No.<br><br><br><br><br><br><br><br>COMPLAINT, WITH JURY DEMAND |

1)  Plaintiff Aanda Slocum, personally and as Personal Representative of the Estate of Daniel Allard, now brings this complaint against all Defendants and requests trial by jury as follows:

## INTRODUCTION

2)  This action seeks damages for the death of Arizona Dept. of Corrections inmate Daniel Allard, who died following a traumatic brain injury sustained while confined at the Arizona State Prison Complex in Douglas, Arizona ("ASPC-Douglas").  Despite Mr. Allard's clearly documented symptoms of a traumatic brain injury, employees and agents of Defendant Corizon Health, Inc. (after this, simply "CH") failed to adequately and appropriately respond to Mr. Allard's emergent health needs and substantial risk of injury and/or death.  Because of these failures, Mr. Allard was unable to receive emergent medical care for over 2.5 hours while in the presence of CH and Defendants Richardson and Kinder (all defendants collectively referred to after this as "CH Defendants").  Mr. Allard died on February 6, 2016 following surgery at Banner Medical Center in Tucson, Arizona.

3)  Mr. Allard was an inmate who was housed at the ASPC-Douglas September 20, 2014th of 2016 until February 3, 2016 where he suffered a violent head injury.

4)  Medical and staff at ASPC-Douglas were consciously aware of Mr. Allard's serious medical condition and factors associated with a traumatic brain injury. Deliberately failing to address emergent health issues further exacerbated Mr. Allard's health problems and risk of impairment and/or death. As a direct result of CH Defendant's

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

failure to treat Mr. Allard's serious medical condition, failure to properly assess for risks associated with traumatic brain injury, continued confinement and failure to take the basic steps to timely treat Mr. Allard's serious medical condition, CH Defendants disregarded a substantial risk of impairment and/or death and caused the death of Daniel Allard.

5)  CH Defendants' conduct, under color of state law, proximately caused the deprivation of  Mr. Allard's federally protected rights.

## JURISDICTION and NOTICE

6)  This action arises under the Constitution and laws of the United States and is being brought pursuant to 42 U.S.C. § 1983.Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343(3), Jurisdiction in support of attorneys' fees and costs is conferred by 42 U.S.C. §  1988.

7)  Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b).  All alleged events and omissions occurred in the State of Arizona where Defendants maintain offices and/or reside.

8)  Supplemental pendent jurisdiction is based on 28 U.S.C. § 1367 because violations of federal law alleged are substantial and the pendent causes of actions derive from a common nucleus of operative facts.

3

# PARTIES

## PLAINTIFF:

9)  The Plaintiff, Aanda Slocum, (hereinafter referred to as "Ms. Slocum") is a natural person.

10) Ms. Slocum was also a grandmother to Daniel Allard and is the Personal Representative of the estate of Daniel Allard.

11) At all times hereto, Ms. Slocum was and is a citizen of the State of Colorado, a state within the United States of America.

12) Ms. Slocum currently lives in Delta County, Colorado with a physical address of 1368 Hwy 50, Delta, Colorado 81416.

13) At all times hereto, Mr. Allard was a citizen of the State of Arizona, a state within the United States of America.

## DEFENDANTS:

**Corizon Health Defendants**

14) Defendant Corizon Health, Inc. ("CH") is a Tennessee corporation doing business in the State of Arizona, with its principal Arizona street address located at 501 W. Highway 66, Kingman, AZ 86401.

15) C T Corporation System, Defendant CH's registered agent for service of process in Arizona and is located at 3800 N Central Ave Ste. 460, Phoenix, AZ 85012.

16) Corizon Health, Inc., is also known simply as "Corizon Heath," per their website. See Plaintiffs' Exhibit 1.

17) In early 2013, CH contracted with the Arizona Department of Corrections to provide healthcare services to Arizona Department of Corrections inmates and detainees at ASPC-Douglas and supervises and implements such care.

18) CH is a proper entity to be sued under 42 U.S.C. § 1983 for their deliberately indifferent policies, practices, habits, customs, procedures, training, and supervision of staff, including individual Defendants, with respect to the provision of medical care and treatment for inmates with serious emergency medical needs.

19) At all relevant times, Defendant CH was acting under color of state law and performing a central function of the state thus making CH liable under 42 U.S.C. § 1983.

20) All the conduct of the Defendant CH and its employees and agents are charged to the government, and Defendant CH and its employees were acting jointly with the government actors.

21) Defendant CH is sued directly and indirectly for negligent supervision, negligent training of their staff, for failing to ensure the provision of appropriate care in the treatment of Mr. Allard, for the acts and omissions of its agents and/or employees, and for the herein described acts by their involved employees, agents, staff, and affiliates, who were acting within the scope and course of their employment.

22) At all times relevant to the claims against her, Defendant LPN Sarah Richardson was and is a citizen of the United States, a resident of and domiciled in the State of Arizona.

1   23) At all relevant times, Defendant LPN Richardson was and is an employee of

2   Defendant CH, was acting under color of state law and performing a central function of

3   the state, thus making her liable under 42 U.S.C. § 1983.

4   24) Defendant LPN Richardson is sued in her individual capacity.

5   25) At all times relevant to the claims against her, Defendant FNP Deborah Kinder,

6   was and is a citizen of the United States, a resident of and domiciled in the State of

7   Arizona.

8   26) Defendant FPN Kinder was and is an employee of Defendant CH, was acting

9   under color of state law and performing a central function of the state, thus making her

10  liable under 42 U.S.C. § 1983.

11  27) Defendant FPN Kinder is sued in her individual capacity.

12                              **Factual Allegations**

13  28) Ms. Slocum incorporates each paragraph of the Complaint as if fully restated

14  therein.

15  29) ASPC-Douglas is a prison within the Arizona Dept. of Corrections.

16  30) On September 30, 2014, 24-year-old Daniel Allard was admitted to ASPC-

17  Douglas on a 2.5-year sentence for a Class 3 felony, Attempt to Commit Trafficking of

18  Stolen Property.

19  31) On the afternoon of February 3, 2016 at approximately 2:00 pm Mr. Allard was

20  found by COII Alberto Chavez lying on a bench surrounded by brown vomit next to the

21  yard office.

22                                      6

23

32) COII Chavez requested medical assistance and notified his supervisor.

33) Mr. Allard arrived at medical within approximately 20 minutes where Defendants Richardson and Kinder were on duty.

34) Defendants Richardson and Kinder observed Mr. Allard to have a radial bump and bleeding to the back of his head, lacerations and bruising of the left eye and blood coming from his nose.

35) Defendants Richardson and Kinder administered 2 liters of normal saline via IV and began monitoring Mr. Allard's vital signs at 2:25 pm.

36) Defendants Richardson and Kinder observed Mr. Allard vomit 6 times over the course of 2 hours.

37) Defendants Richardson and Kinder observed Mr. Allard's radial pulse to be weak (49 BPM) at 2:45 pm.

38) Defendants Richardson and Kinder observed Mr. Allard's pupils to be sluggish and constricted.

39) Defendants Richardson and Kinder observed that Mr. Allard was not arousing well over the course of 3 hours.

40) Defendants Richardson and Kinder observed Mr. Allard complaining of pain to his head, go in and out of a sluggish sleepy state, and dry heaving over a 3-hour period.

41) Defendants Richardson and Kinder inexplicably ceased monitoring Mr. Allard's vitals at 4:00 pm.

7

42) Despite clear signs of a traumatic head injury, deteriorating symptoms, CH Defendants did not call for emergency medical services until approximately 4:29 pm over two hours after Mr. Allard presented with symptoms of a traumatic head injury.

43) Douglas County Fire and Ambulance arrived at approximately 4:45 pm.

44) Defendant Kinder advised DFD Ambulance crew Allard had likely been assaulted, was a known spice user and had "done this before".

45) DFD Ambulance crew found Mr. Allard to be breathing at 12 BPM and to have a heart rate of 40 BPM.

46) DFD Ambulance crew advised Mr. Allard needed to be flown to an E.R. rather than driven due to his critical medical state.

47) Mr. Allard was driven by DFD Ambulance to Bisbee/Douglas International for transport to the Banner Medical Center emergency department.

48) Mr. Allard was transported to Banner Medical Center in Tucson, Arizona via helicopter.

49) Mr. Allard was in surgery at 8:36 pm on February 3, 2016.

50) Mr. Allard was pronounced dead on February 6, 2016 at 8:36 pm after being removed from life support at Banner University Medical Center.

51) Defendant CH has a policy and practice of providing inadequate medical and mental health services to the inmates in the Arizona Department of Corrections and are

8

deliberately indifferent to the fact that the systemic failure to do so results in significant injury and a substantial risk of serious harm.[1] [2]

52) The policy and practice of Defendant CH were the moving force behind the violations of the Plaintiff's constitutional rights.

53) But for custom and practice of deliberate indifference to inmates' serious medical needs that was established by the custom of CH Defendants and Defendant CH's failure to adequately train its employees in meeting the serious medical needs of inmates,[3] Mr. Allard would not have been subjected, in the form of failure to provide him medical

---

[1] As used hereafter, "policy and practice" includes unwritten policies, customs, and actual practices of Defendants.

[2] Plaintiffs are not presently in possession of Defendant CH's actual written policies, but Defendant CH presumably is in possession of its written policies; therefore, this factual allegation will likely have evidentiary support after a reasonable opportunity for discovery. See F.R.C.P. 11(b)(3). Further, there are cases within the 9th Circuit where plaintiffs have made sufficient allegations to establish CH policies, customs or practices to defeat Rule 12 and summary judgment motions as well as a motion objecting to discovery and to get past the screening of a pro se prisoner complaint. See Oyenik v. Corizon Health, Inc., 696 F. App'x 792, 795 (9th Cir. 2017) (Holding that "Oyenik tendered sufficient facts to survive summary judgment on the theory that Corizon had a custom of deliberate indifference to his serious medical needs."); Pitkin v. Corizon Health, Inc., No. 3:16-cv-02235-AA, 2017 U.S. Dist. LEXIS 208058, at *13 (D. Or. Dec. 18, 2017)(finding that a request for "lawsuits and judgments against Corizon and related entities alleging negligence and Section 1983 violations or an award of punitive damages for the ten years prior to Ms. Pitkin's death . . . [were] sufficiently relevant to plaintiffs' lawsuit to warrant discovery."); Taylor v. Ryan, No. CV 14-02049-TUC-JGZ, 2017 U.S. Dist. LEXIS 138828, at *29 (D. Ariz. Aug. 28, 2017) (Finding "a material issue of fact as to whether a Corizon policy or custom exists that strictly limits eligibility for orthopedic shoes to certain conditions."); Nester v. Ryan, No. CV 15-01700-PHX-SMM (DMF), 2016 U.S. Dist. LEXIS 16219, at *4 (D. Ariz. Jan. 21, 2016)("The Court previously held that Plaintiff sufficiently alleged [against Corizon and other defendants] a claim for denial of constitutionally adequate medical care.").

[3] Plaintiffs are not presently in possession of Defendant CH's training policies, but Defendant CH presumably is in possession of such policies; therefore, this factual allegation will likely have evidentiary support after a reasonable opportunity for discovery. See F.R.C.P. 11(b)(3).

attention, to a deprivation of his constitutional rights.  This deprivation was a natural and foreseeable consequence of the Defendants' acts and omissions.

54) The intentional actions or inactions of each individual Defendant as described herein intentionally deprived Mr. Allard of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

55) As a direct and proximate result of each individual Defendant's actions, Mr. Allard's constitutional rights were violated and Plaintiffs have suffered damages entitling them to compensatory damages against the Defendants.  Plaintiffs are also entitled to punitive damages against the CH Defendants to redress their willful, malicious, wanton and reckless conduct in violation of Mr. Allard's civil rights.

## STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983-Eighth Amendment Violation

### Deliberate Indifference to Serious Medical Needs

### (Against all Defendants)

56) Plaintiffs incorporate each paragraph of the Complaint as if restated fully therein.

57) At all times relevant to the allegations in this Complaint, Defendants acted under the color of state law.

58) Mr. Allard had a clearly established right under the Eighth Amendment to the U.S. Constitution to be free from cruel and unusual punishment because of a deliberate indifference to his known serious medical needs.

59) CH Defendants knew or should have known of this clearly established right at the time of Mr. Allard's admission to ASPC-Douglas medical at approximately 2:00 pm on February 3, 2016.

60) At all times, relevant to the allegations in this Complaint, CH Defendants knew of and disregarded the substantial risks associated with Mr. Allard's serious medical condition.

61) Nonetheless, with deliberate indifference to Mr. Allard's constitutional right to adequate emergent medical care, as provided by the Eighth Amendment to the United States Constitution, CH Defendants knowingly failed to timely treat Mr. Allard's emergent medical condition. They did so despite their knowledge of Mr. Allard's emergent medical needs. Therefore, CH Defendants knew or were aware that Mr. Allard faced a substantial risk of harm from a traumatic head injury and disregarded this excessive risk by failing to take timely measures to properly treat it.

62) All the deliberately indifferent acts of each individual Defendant were performed within the scope of their official duties and employment.

63) The acts or omissions of each individual Defendant were the legal and proximate cause of Mr. Allard's death.

11

**SECOND CLAIM FOR RELIEF**

**42 U.S.C. § 1983-Eighth and Fourteenth Amendment Violations**

**Deprivation of Life Without Due Process**

**(Against all Defendants)**

64) Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

65) At the time of Mr. Allard's death, he had a clearly established constitutional right under the Fourteenth Amendment to the United States Constitution to not be deprived of life without due process of law.

66) The acts and omissions of the individual Defendants were the moving force behind and proximate cause of Mr. Allard's death without due process of law.

67) The acts and omissions of CH Defendants deprived Mr. Allard of the rights, privileges, liberties and immunities secured by the United States Constitution and caused him other damages.

68) The acts and omissions in which CH Defendants were engaged were pursuant to the customs policies, and practices of CH Defendants, which encourage, condone, tolerate, and ratify deliberate indifference to the serious medical needs of inmates by those acting under color of state law, and the right to not be deprived of life without due process. Those customs, policies and practices were the moving forces and proximate causes of Mr. Allard's death and all related damages.

### THIRD CLAIM FOR RELIEF

### Medical Negligence Causing Wrongful Death

### (Against CH DEFENDANTS)

69) Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

70) At all times relevant hereto, Daniel Allard was under the care and treatment of the Defendant CH's staff, including Defendants Kinder and Richardson, through their contractual relationship with the Arizona Dept. of Corrections.

71) Defendant CH is vicariously liable for the negligent acts and omissions by its agents and/or employees including those individually named herein, and directly liable for their own negligent failures in training, policies, and practices.

72) CH Defendants had a duty to provide reasonable medical care and treatment to inmates at the ASPC-Douglas, including Mr. Allard.

73) Defendant CH had a duty to exercise reasonable care in the training and supervision of their employees.

74) These duties are informed by state law.  Under A.R.S. § 31-201.01, "[t]he Director shall provide medical and health services for the prisoners."  The provision of medical treatment and humane care is a statutory obligation under this and other statutes.  These duties are also informed by NCCHC standards.

75) Agents and employees of Defendant CH, while acting within the scope of their employment, vicariously committed negligent acts and omissions set forth herein with respect to the care and treatment of Mr. Allard.

76) Defendant Richardson had a nurse-patient relationship with Mr. Allard and was acting or failing to act within the scope of her employment with Defendant CH at all times pertinent to this Complaint.

77) Defendant Kinder had a nurse-patient relationship with Mr. Allard and was acting or failing to act within the scope of her employment with Defendant CH at all times pertinent to this Complaint.

78) CH Defendants owed Mr. Allard a duty to exercise that degree of care, skill, caution, diligence and foresight exercised by and expected of counselors/nurses in similar situations.

79) CH Defendants consciously disregarded a substantial and unjustifiable risk that they knew or should have known would cause the death of another.

### FOURTH CLAIM FOR RELIEF

### Survival

### (Against CH DEFENDANTS)

80) Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein

81) Plaintiff is the personal representative of the estate of Daniel Allard.

14

82) Because of the deliberate indifference and/or negligence of the Defendants as described above, Mr. Allard suffered injuries and damages, including, but not limited to, funeral expenses, medical expenses, emotional distress and pain and suffering and loss of enjoyment of life

83) For these reasons, Plaintiff Estate of Daniel Allard, by and through the estate's personal representative, Aanda Slocum, requests that this Court enter judgment in the Estate's favor against Defendants, jointly and severally, and grant:

a) Appropriate relief at law and equity;

b) Compensatory and consequential damages, including damages for emotional distress, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

c) Attorney's fees and costs of this action, including expert witness fees on all claims allowed by law;

d) Punitive damages as to the Defendants to redress their willful, malicious, wanton and reckless conduct in violation of Plaintiff's civil rights;

e) Pre-and post-judgment interest at the lawful rate; and

f) Any further relief that this Court deems just and proper, and any other relief as allowed by law.

## JURY DEMAND

Plaintiffs demand a trial by jury on the claims raised by this Complaint.

15

Dated this 26th day of January 2018.

Respectfully submitted,

 /s/ Daniel S. Shaffer                              /s/ Matthew Scott Martin
 Daniel S. Shaffer                                  Matthew Scott Martin